# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL H. GRISHAM,

        Plaintiff(s),

v.

EIGHTH JUDICIAL DISTRICT FAMILY COURT OF CLARK COUNTY NEVADA, JUDGE VINCENT OCHOA,

        Defendant(s).

2:13-CV-2349 JCM (NJK)

## ORDER

Presently before the court is a motion for summary judgment filed by defendants Eighth Judicial District Court and Vincent Ochoa. (Doc. #10). Plaintiff Grisham filed an opposition (doc. #20), and defendants filed a reply (doc. #30). While defendants characterize their motion as requesting summary judgment, for reasons set forth below this court will construe it as a motion to dismiss.

**I. Background**

Plaintiff Grisham filed the instant lawsuit in order to challenge a state court divorce ruling. The divorce proceedings took place in the Eighth Judicial District Court, Family Division ("the family court"). The family court issued a decree of divorce to plaintiff and his ex-wife, Susie Grisham, that incorporated a property settlement governing the distribution of the Grishams' property. Grisham argues that the family court erred in several provisions of the divorce decree

**James C. Mahan**
**U.S. District Judge**

including the property settlement. On appeal, the Nevada Supreme Court declined to alter the family court's ruling.

Grisham now seeks a declaratory judgment indicating that the state court rulings are void and legally unenforceable. Grisham also seeks an injunction to block the sale of property as mandated by the property settlement agreement.

## II. Discussion

The *Rooker-Feldman* doctrine has arisen out of two Supreme Court cases from which its name is derived. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1193 (9th Cir. 2004) (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).

If a plaintiff brings a de facto appeal from a state court judgment, *Rooker-Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction. *In re Gruntz*, 202 F.3d 1074, 1078 (9th Cir. 2000) (en banc). De facto appeals are claims raised in the federal court action that are "inextricably intertwined" with the state court's decision to the degree that if the federal court adjudicated the claims it would require the district court to interpret the application of state law or undercut the state court's ruling. *Bianchi*, 334 F.3d at 898.

Plaintiff argues that his claims in this action are independent and separate from the state court proceedings. However, plaintiff seeks a declaration stating that the family court's "findings, decrees, and orders [are] void and legally unenforceable." Such an action is clearly barred by the *Rooker-Feldman* doctrine. Therefore, the court lacks subject-matter jurisdiction over this action, and plaintiff's complaint will be dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. #10) be, and the same hereby is, GRANTED. Plaintiff Michael Grisham's complaint is dismissed without prejudice. The clerk of the court shall enter judgment accordingly and close

**James C. Mahan**
**U.S. District Judge**

1  this case.

2  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for
3  leave to file amended complaint (doc. #23) is DENIED as moot.

4  DATED July 16, 2014.

_____
UNITED STATES DISTRICT JUDGE